IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2007-CIBC 18, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-CIBC18; <br><br> Plaintiff, <br><br> vs. <br><br> 2600 EAST CARSON STREET ASSOCIATES, L.P., 2700 EAST CARSON STREET ASSOCIATES, L.P.,; AND 2800 BLOCK ASSOCIATES, L.P., <br><br> Defendants, | 2:17-CV-00764-CRE |

## **MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

### I. INTRODUCTION

Presently before the court for disposition is Plaintiff Wells Fargo Bank, N.A. as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC 18, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC18's ("Wells Fargo" or "Plaintiff") motion for judgment on the pleadings. [ECF No. 16]. The motion is fully briefed and ripe for disposition. For the reasons that follow, the motion is granted insofar as it pertains to the foreclosure claim and denied insofar as it pertains to the specific amount of damages that Plaintiff

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

seeks.

## II. BACKGROUND

The instant case was commenced by Plaintiff by filing a complaint in mortgage foreclosure against the Defendants, 2600 East Carson Street Associates, L.P., 2700 East Carson Associates, L.P., and 2800 Block Associates, L.P. ("Defendants") on June 12, 2017. The real property subject to this foreclosure action is comprised of several parcels of land owned by one or more of the Defendants that make up a portion of the residential and commercial development in the City of Pittsburgh that is commonly referred to as the "Southside Works."

Plaintiff is the holder of the Mortgage in this action, which is one of several loan documents securing and/or evidencing the $49,610,000 loan issued by Plaintiff's predecessor in interest to Defendants. Generally, the Defendants defaulted on their obligations under the loan documents by failing to pay the balance of the principal sum, any unpaid interest, and any other amounts due (the "Indebtedness") under the loan documents on or before the February 1, 2017 maturity date. Defendants do not specifically deny that they failed to make the payment of the Indebtedness owed under the loan documents on or before the maturity date. Plaintiff claims that as of May 30, 2017, the following sums are due and owing under the loan documents:

| | |
|---|---|
| Principal: | $44,641,270.76 |
| Interest (Note Rate): | $1,058,811.59 |
| Interest (Default Rate): | $585,296.66 |
| Late Charges: | $1,800,755.73 |
| Administrative Fees: | $300.00 |
| Prior Default Interest: | $1,649,266.00 |
| Prior Late Charges: | $67,076.37 |

| | |
|---|---|
| Escrow: | ($1,927,792.93) |
| Total: | $47,874,944.18 |

Plaintiff now moves for judgment on the pleadings and argues that Defendants do not and cannot deny the factual assertion that they are in default of the Loan, and if necessary, an evidentiary hearing can resolve any limited dispute regarding the amount that should be fixed as due and owing under the Loan Documents.

### III. STANDARD OF REVIEW

    a. <u>Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)</u>

"A motion for judgment on the pleadings is not granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Pellegrino Food Products Co., Inc. v. City of Warren*, 136 F.Supp.2d 391, 399 (W.D. Pa. 2000); *Jablonski v. Pan American World Airways*, 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Society Hill Civil Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). A Rule 12(c) motion is judged under the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The only difference is that on a motion for judgment on the pleadings, the court reviews not only the complaint, but also the answer and written instructions attached to the pleadings. *James Wm. Moore, et al., Moore's Federal Practice–Civil* ¶ 12.38 (2010). As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion

into one for summary judgment. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n. 5 (3d Cir. 2004); *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must take a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n. 7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

4

As aforementioned, courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension*, 998 F.2d at 1196. Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."). Thus, it is proper for the court to take the Loan Documents and attendant recording instruments attached to the complaint under consideration as indisputably authentic documents and matters of public record without having to convert this motion into one for summary judgment.

## IV. DISCUSSION

Plaintiff generally argues that Defendants admit the elements of a mortgage foreclosure action and therefore it is entitled to judgment as a matter of law. Defendants generally respond that they "do not deny that the underlying loan related to this foreclosure action has matured[,]" but "request that the Court permit the parties to engage in discovery and schedule a trial with respect to the specific amount of damages at issue." Def.'s Op. Br. [ECF No. 19] at 2. The court will first discuss whether Plaintiff has met the elements with respect to a mortgage foreclosure claim under Pennsylvania law. [2]

Under Pennsylvania law in an action for mortgage foreclosure, "the plaintiff must

---

[2] The parties do not dispute that Pennsylvania law applies to the present action.

demonstrate the existence of an obligation secured by a mortgage, and a default on that obligation." *Bank of America, Nat. Ass'n v. Scranton Center Holdings, LP*, No. 10-CV-1251, 2012 WL 1965415, *2 (M.D. Pa. May 31, 2012) (citations omitted; applying Pennsylvania law). "Upon default, the holder of a mortgage can legally proceed to enforce the terms of the mortgage either by foreclosure proceedings or by obtaining judgment on the bond accompanying the mortgage and issuing a writ of execution." *Cunningham v. McWilliams*, 714 A.2d 1054, 1056–1057 (Pa. Super. 1998). Judgment is proper if the following three elements are met: (1) the mortgagors admit the mortgage is in default; (2) the mortgagors have failed to pay interest on the obligation; and (3) the recorded mortgage is in a specified amount. *Id*. at 1057 (quoting *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 340 (Pa. 1971)); *see also Wilson v. Parisi*, 549 F.Supp.2d 637, 655 (M.D. Pa. 2008). If these elements are met, judgment is appropriate "even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." *Wells Fargo Bank, N.A. v. Lofts at the Mill, L.P.*, 3:09CV1006, 2010 WL 1416826, at *2 (M.D. Pa. Apr. 6, 2010) (quoting *Cunningham*, 714 A.2d at 1057).

Here, there is no dispute that there is a valid recorded mortgage for a specified amount, which addresses the third element for a mortgage foreclosure claim. Plaintiffs pleaded that the loan documents were executed and the mortgage was delivered to Defendants and recorded on January 5, 2007 in the Allegheny County Department of Real Estate Office as Instrument Number 2007-1726. Compl. [ECF No. 1] at ¶¶ 7-8. The mortgage secured the loan in the original principal sum of $49,610,000. *Id*. at ¶ 7. Defendants admit that they are the record owners of the disputed property, but in response to Plaintiff's allegations in Paragraphs 7 and 8, they respond that "[t]he averments of the Paragraph references a written document and the averments are denied to the extent that they are inconsistent with the writing, which speaks for itself." Defs' Ans. [ECF No.

11] at ¶¶ 7-8.  In response to the motion for judgment on the pleadings, Defendants assert that they "do not deny the validity or authenticity of the Loan Documents[.]" Defs' Br. in Op. [ECF No. 19] at 3.

Despite Defendants' efforts of not conceding this element, the Plaintiff has attached to its complaint the loan documents and recording documents which can be considered by the court as indisputably authentic documents of public record.  These documents indicate that the mortgage secured the loan in the original principal sum of $49,610,000 and was recorded on January 5, 2007.  See Fixed Rate Note [ECF No. 1-2]; Recording Documents [ECF No. 1-3].  Accordingly, the court finds that this element is not in dispute and has been met.

Turning to the first and second elements – whether the mortgagors admit the mortgage is in default and whether the mortgagors have failed to pay interest on the obligation – the court likewise finds that these elements have been met.  Plaintiff alleges that the Defendants are in default of their obligations under the loan documents for, *inter alia*, "failing to pay the balance of the principal sum, any unpaid interest, and any other amounts due . . . under the Loan Documents" by the maturity date of February 1, 2017. Compl. [ECF No. 1] at ¶ 22.  In their answer, Defendants provide a general denial of this allegation, and assert that Plaintiff's allegations are "conclusions of law to which no response is required." Ans. [ECF No. 11] at ¶ 22.

Defendants' answer does not "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b).  Plaintiff's allegation in ¶ 22 asserts that Defendants failed to pay the loan principal and interest and that the loan is in default under the loan's provisions.  Defendants respond that these allegations are conclusions of law.  Such a characterization is incorrect as the allegations contained in ¶ 22 are entirely factual assertions.  What is more, Defendants' general denial which fails to include "specific facts in response to the allegations in the complaint regarding default and

the amount due" and will be deemed an admission of such allegations. *Wells Fargo Bank, N.A. v. Carr*, 3:04-CV-2792, 2007 WL 518150, at *4 (M.D. Pa. Feb. 12, 2007) (citing *First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 692 (1995)) (additional citations omitted).  In response to the motion for judgment on the pleadings, Defendants do not argue that they are not in default, nor do they argue that they did not fail to pay interest on the loan.  Instead, Defendants spend the entirety of their brief giving a number of reasons why Plaintiff has not adequately alleged the "proof of the amount of indebtedness" and why Defendants are unable to determine such amount. Defs' Br. in Op. [ECF No. 19] at 4.  However, as explained *infra*, this point is not dispositive.  Accordingly, because it is undisputed that the loan is in default and Defendants have failed to pay interest on the obligation, the court finds that the first and second elements have been met.

As all of the elements for a mortgage foreclosure action under Pennsylvania law are undisputed, Plaintiff is entitled to judgment on the pleadings as it pertains to Defendants' liability under Plaintiff's foreclosure claim, as no material issue of fact as to liability remains to be resolved and Plaintiff is entitled to judgment as a matter of law.

Lastly, Defendants argue that judgment should not be entered in Plaintiff's favor because under Pennsylvania law, " 'proof of the amount of indebtedness is an essential element of a claim in mortgage foreclosure' and 'the sole purpose of a judgment obtained through an action of mortgage foreclosure is to effect a judicial sale of the mortgaged property[.]' " Defs' Br. in Op. [ECF No. 19] at 4 (quoting *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. 2015). Defendants argue that they have adequately pleaded that "they are without knowledge or information sufficient to form a belief as to the specific amount of the Indebtedness due because, inter alia, Plaintiff has not provided Defendants with an accounting of the Indebtedness nor is there any evidence before the Court, other than Plaintiff's itemized allegations in its Complaint, as to

how the Indebtedness was calculated[.]" Defs' Br. in Op. [ECF No. 19] at 4-5. As such, Defendants argue that they are entitled to discovery and a trial on the matter of the amount of indebtedness. Plaintiff does not squarely address this issue in its reply, however in its brief in support, it asserts that "[t]o the extent that Defendants dispute the amount due and owing under the Loan Documents, the Court may, if necessary, hold a hearing at a later date to confirm the amount of the Indebtedness." Pl.'s Br. in Supp. [ECF No. 17] at 9.

Defendants ostensibly argue that the proof of amount of damages is a necessary element of a foreclosure cause of action under Pennsylvania law. It is not. As outlined *supra*, entry of judgment is proper if mortgagors have admitted that the mortgage is in default, they failed to pay interest on the obligation and the recorded mortgage is in a specific amount. Judgment as a matter of law is appropriate "even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings" or briefing. *Cunningham*, 714 A.2d at 1057. Accordingly, Defendants' argument is summarily rejected. To the extent that Defendants dispute the total amount owed under the Loan Documents, Plaintiff's motion is denied with respect to the specific amount that it seeks as damages. The court will enter a discovery schedule as to damages only and schedule a hearing to adequately determine the amount of damages. *Accord Wells Fargo Bank, N.A.*, 2010 WL 1416826, at *2; *Hess Corp. v. Performance Texaco, Inc.*, 3:08-CV-1426, 2009 WL 1505605, at *2 (M.D. Pa. May 28, 2009).

V. **CONCLUSION**

For the reasons stated above, Plaintiff's motion for judgment on the pleadings is granted insofar as it pertains to the foreclosure claim and denied insofar as it pertains to the specific amount of damages that plaintiff seeks. A discovery and hearing scheduling order will be entered forthwith. An appropriate Order follows.

9

Dated: March 7, 2018.                                             By the Court,
                                                                  s/ Cynthia Reed Eddy
                                                                  Cynthia Reed Eddy
                                                                  United States Magistrate Judge


cc:     all counsel of record via CM/ECF electronic filing